UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:94-CR-14 |
| | ) | (VARLAN) |
| NORMAN FREEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on defendant's *pro se* motion to reduce sentence-crack case and letter to appoint counsel [Doc. 167] and motion for reduction of sentence based on application of retroactive applicable amendment. [Doc. 168.] The defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2), which permits the Court to reduce a defendant's sentence if the sentencing range has been lowered since defendant was initially sentenced. The Government has responded in opposition to defendant's request for a reduction of sentence [Docs. 169, 171] and defendant has filed reply briefs [Doc. 170, 172]. Thus, defendant's motions are now ripe for determination.

**I.  Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by 18 U.S.C. § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Through Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, the Sentencing Commission lowered the sentencing ranges for most cocaine base offenses by two offense levels in an effort to correct the disparity in sentences between defendants punished for cocaine base offenses and defendants punished for other drug offenses. *See* U.S.S.G. § 2D1.1. On December 11, 2007, the Commission made the amended guideline range retroactive, effective March 3, 2008. *See* U.S.S.G. § 1B1.10. Accordingly, the Court has discretion under 18 U.S.C. § 3582(c)(2) to reduce a defendant's sentence for a cocaine base offense, after considering the § 3553 factors, if the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has issued a general policy statement regarding reduction of sentences as a result of the amendments to certain guideline ranges, including the ranges for most cocaine base offenses. U.S.S.G. § 1B1.10. The policy statement partially limits the Court's discretion in reducing a defendant's sentence:

> (A) In General.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) Exception.--If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range

2

> determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.
>
> (C) Prohibition.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S.S.G. § 1B1.10 (b)(2). In addition to these limits, the Sentencing Commission states that a court must consider the § 3553 factors and the danger to the public created by any reduction in defendant's sentence, and a court may consider defendant's post-sentencing conduct. *Id.* at cmt. n.1(B).

## II. Analysis

Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, defendant requests a resentencing hearing, a reduction of his sentence down to the minimum mandatory penalty as provided by law, or, in the alternative, a reduction of his sentence to the bottom of the amended guidelines. The Government responds that defendant's Guidelines range was determined based upon his classification as a career offender pursuant to U.S.S.G. § 4B1.1, so the defendant is not eligible for consideration under 18 U.S.C. § 3582(c).

Under 18 U.S.C. § 3582(c)(2), a reduction in sentence may be appropriate "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The Guidelines have clarified that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does

3

not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A)(ii).

In the present case, the defendant was sentenced as a career offender under U.S.S.G. § 4B1.1, so he was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Though defendant contends that he is entitled to recalculation of his initial guideline range, prior to any other consideration regarding career enhancements, the "Application Notes" for U.S.S.G. § 1B1.10 first provide for determining whether there is even eligibility for consideration under 18 U.S.C. § 3582(c)(2). As discussed above, the defendant was sentenced as a career offender, so the amendment to U.S.S.G. § 2D1.1 would "not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline . . . provision." U.S.S.G. § 1B1.10 cmt. n.1(A)(ii). In other words, the defendant is ineligible for consideration under 18 U.S.C. § 3582(c)(2) because he was sentenced pursuant to U.S.S.G. § 4B1.1, not U.S.S.G. § 2D1.1.

In light of the inapplicability of 18 U.S.C. § 3582(c)(2), the defendant's motions [Docs. 167, 168] will be denied to the extent he seeks a resentencing hearing and reduction in sentence. Furthermore, the defendant's request for appointment of counsel [Doc. 167] will be denied as moot in light of the inapplicability of 18 U.S.C. § 3582(c)(2) to the present case.

## III. Conclusion

Accordingly, defendant's *pro se* motion to reduce sentence-crack case and letter to appoint counsel [Doc. 167] and *pro se* motion for reduction of sentence based on application of retroactive applicable amendment [Doc. 168] are hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
